# COURT OF APPEALS OF VIRGINIA

## Record No. 1243-25-4

### BALTAZAR ALBEAR, JR.

v.

### COMMONWEALTH OF VIRGINIA

Present: Judges O'Brien, Friedman and Frucci

Opinion Issued July 28, 2026[*]

### FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

(Brandon R. Sloane; Kaveh Noorishad; Sloane Stewart, PLLC; Noorishad Law, P.C., on brief), for appellant.

(Jason S. Miyares,[1] Attorney General; Robert D. Bauer, Assistant Attorney General, on brief), for appellee.

### MEMORANDUM OPINION
### PER CURIAM

After his *Alford*[2] plea, the circuit court convicted Baltazar Albear, Jr., of abduction by force or intimidation. Before sentencing, Albear twice moved to withdraw his guilty plea; the court denied each motion. On appeal, he contends that the circuit court erred by denying his

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] *North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). *Alford* pleas allow "criminal defendants who wish to avoid the consequences of a trial to plead guilty by conceding that the evidence is sufficient to convict them, while maintaining that they did not participate in the acts constituting the crimes." *Carroll v. Commonwealth*, 280 Va. 641, 644-45 (2010) (quoting *Parson v. Carroll*, 272 Va. 560, 565 (2006)).

pre-sentence motions to withdraw his guilty plea. For the following reasons, we affirm the circuit court's judgment.[3]

BACKGROUND[4]

In 2021, Albear was indicted on five counts of aggravated sexual battery of a child under the age of 13 years old. After various pre-trial motions and continuances, the circuit court scheduled a four-day jury trial for May 2024. In May 2024, the parties tendered a plea agreement to the circuit court. Albear agreed to plead guilty to abduction by force, intimidation, or deception under *Alford*. In exchange, the Commonwealth agreed to nolle pros the remaining indictments. On the Commonwealth's motion, the court amended Count I to abduction by force, intimidation, or deception and arraigned Albear on the amended charge. Albear pleaded "Guilty by *Alford*."

Before accepting Albear's plea, the circuit court conducted a colloquy with him to confirm his plea was knowing and voluntary. Albear stated that he understood the charge against him and had a chance to discuss the charge with his attorney as well as any defenses to the charge that he might raise. Albear had discussed with his attorney whether to plead guilty under *Alford*, understood that an *Alford* plea allowed him to maintain his innocence but that it is "essentially . . . a plea of guilty," and ultimately had decided for himself to enter an *Alford* plea. He confirmed that he was entering an *Alford* plea to abduction because he wished to maintain his innocence but felt entering the plea was in his best interest because the Commonwealth had strong evidence against

---

[3] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

[4] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). In doing so, we discard any evidence that conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

him. The circuit court advised Albear of the rights he waived by entering an *Alford* plea, including the right to a jury trial, remain silent, and confront witnesses; Albear understood he was waiving those rights. Albear confirmed that no one had forced him or threatened him to plead guilty.

The circuit court then reviewed the plea form entitled "Plea of Guilty to a Felony Pursuant to *North Carolina v. Alford*." Albear stated that he had read the form and had reviewed it with his attorney before signing it. He understood the range of punishment for abduction by force and affirmed that the plea agreement stated the circuit court would impose three years of active incarceration with an additional suspended sentence determined by the court.

The Commonwealth proffered that the evidence would establish that in May 2020, 11-year-old S.C.[5] disclosed to her mother that her step-father, Albear, had abused her. S.C.'s mother immediately reported the abuse to police. During a forensic interview, S.C. disclosed that between August 2019 and May 2020, Albear regularly came to her bedroom and positioned her on top of his body while he lay on her bed. S.C. stated that the position was similar to how "a dog would lay on a human." Albear held S.C. and when she tried to get up, he pulled her back down. S.C. did not move because she did not want Albear to get mad at her and hurt her. While lying on Albear, S.C. could feel his private parts.

Albear agreed that would be the Commonwealth's evidence. Albear stated that he was satisfied with his attorney, understood the court's questions, had answered them truthfully, and declined the opportunity to ask the circuit court any questions. The circuit court found that the plea was made freely, intelligently, and voluntarily and convicted Albear of abduction. The court granted the Commonwealth's motion to nolle pros the remaining charges. The matter was continued for sentencing.

---

[5] We use the victim's initials to protect her privacy.

In October 2024, Albear obtained new counsel. Before sentencing, Albear moved to withdraw his *Alford* plea asserting that he had "uncovered additional facts that would clearly support a strong defense" against the abduction charge. At the hearing on his motion, Albear argued that his previous attorney had not consulted an expert regarding S.C.'s forensic interview, that there was no witness to the crime, and that there was no forensic evidence. He claimed that he would present expert testimony concerning witness memory and the tendency of minors to make false statements. The court found that Albear had not presented evidence of a probable defense, and the motion was an "effort to just delay sentencing." The circuit court denied Albear's motion to withdraw his *Alford* plea and continued the matter for sentencing.

In December 2024, Albear renewed his motion to withdraw his *Alford* plea. He asserted that there were viable defenses to the charge because no scientific evidence supported the Commonwealth's theory and that there were no witnesses, other than S.C., to the alleged abduction. At the combined motion to withdraw and sentencing hearing, Albear contended that the Commonwealth's proffered evidence was insufficient to support the abduction charge because the brief detention did not amount to a seizure and he did not intend to deprive S.C. of her personal liberty. He also argued that the detention necessary to complete sexual gratification was not separate and distinct to support an abduction charge. Albear also asserted that the preliminary hearing transcripts illustrated S.C. was experiencing memory issues. Albear maintained that his motion was made in good faith. The court denied the motion. After hearing evidence and argument, the court sentenced Albear to three years of active incarceration as required by the plea agreement and imposed three years of post-release supervision.

In a memorandum opinion, the circuit court found that the grounds of Albear's motion were "conclusory at best" and "offered no facts upon which [it could] make a finding there exists a plausible defense to the charges." The court held that it "would be futile" to grant Albear's motion.

The court also found that the incidents underlying the indictment occurred in 2015, Albear was arrested in 2020, he was indicted in 2021 and entered an *Alford* plea in 2024. Thus, further delay was unwarranted.

After sentencing, Albear again moved the court to withdraw his *Alford* plea, which the circuit court denied. Albear appeals, challenging the circuit court's denial of his pre-sentencing motions to withdraw his *Alford* plea.

ANALYSIS

"The decision whether to grant or deny the withdrawal of a plea 'is a matter that rests within the sound discretion of the trial court and is to be determined by the facts and circumstances of each case.'" *Commonwealth v. Holland*, 304 Va. 34, 46-47 (2025) (quoting *Parris v. Commonwealth*, 189 Va. 321, 324 (1949)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Bista v. Commonwealth*, 303 Va. 354, 370 (2024) (quoting *Commonwealth v. Swann*, 290 Va. 194, 197 (2015)).

A "pre-sentencing plea-withdrawal motion should be granted in one of two situations: either when the defendant's guilty plea was 'made involuntarily,' or it was 'entered inadvisedly, if any reasonable ground is offered for going to the jury.'" *Holland*, 304 Va. at 48 (quoting *Brown v. Commonwealth*, 297 Va. 295, 299 (2019)). When a defendant asserts that his guilty plea was "entered inadvisably," he bears the burden of meeting a four-part test. *Id.* First, he must show that his guilty plea was submitted in good faith "under an honest mistake of material fact" or facts. *Hernandez v. Commonwealth*, 67 Va. App. 67, 76 (2016) (quoting *Parris*, 189 Va. at 324). Second,

- 5 -

he must proffer evidence of "'a reasonable defense to be presented' to the charge." *DeLuca v. Commonwealth*, 73 Va. App. 567, 579 (2021) (quoting *Justus v. Commonwealth*, 274 Va. 143, 154 (2007)). Third, he must establish that the Commonwealth would not suffer undue prejudice. *Pritchett v. Commonwealth*, 61 Va. App. 777, 787 (2013). Fourth, he must demonstrate that "the motion to withdraw the plea was not filed merely to cause undue delay in the administration of justice or [otherwise represents] bad faith or misconduct by or on behalf of the defendant." *Holland*, 304 Va. at 48-49 (alteration in original) (quoting *DeLuca*, 73 Va. App. at 579). "The defendant's assertions must be 'sustained by proofs.'" *Id.* at 49 (quoting *Justus*, 274 Va. at 153).

A "reasonable defense" justifying withdrawal of a guilty plea "is one based upon a proposition of law or one supported by credible testimony, supported by affidavit." *Williams v. Commonwealth*, 59 Va. App. 238, 249 (2011) (first citing *Justus*, 274 Va. at 155; and then citing *Parris*, 189 Va. at 324). "It is a defense which reasonably supports the defendant's proffer: it is not a defense that is based solely upon a challenge to the credibility of a victim's testimony." *Id.* "To hold otherwise would raise a bare challenge to the credibility of a victim or witness to that standard, one 'sustained by proofs,' necessary to permit the withdrawal of a plea of guilty. Such a challenge does not suffice." *Id.* "Moreover, the asserted defense must be 'substantive.'" *Brown*, 297 Va. at 301 (quoting *Bottoms v. Commonwealth*, 281 Va. 23, 33-34 (2011)). Bare assertions that a defendant has a defense are insufficient, and a circuit court's "discretion to grant the motion to withdraw a guilty plea 'will rarely, if ever, be exercised in aid of an attempt to rely upon a merely dilatory or formal defense.'" *Id.* (*Justus*, 274 Va. at 153).

Albear argues that the circuit court erred when it denied his pre-sentencing motions to withdraw his *Alford* plea. We disagree because Albear's proffered defense was a bare challenge to S.C.'s credibility. Albear's initial motion to withdraw his *Alford* plea claimed that he "uncovered additional facts that would clearly support a strong defense." But at the hearing on his motion,

Albear never articulated any specific facts; he simply stated that he would present expert testimony concerning the inaccuracy of witness memory. That bare assertion that he had a defense and that he maintained his innocence was insufficient. *See Brown*, 297 Va. at 301; *Parris*, 189 Va. at 324-25. Without more, Albear did not establish a "reasonable defense" and the circuit court did not err in denying Albear's first motion to withdraw his *Alford* plea.

Albear's second motion to withdraw expanded on his initial arguments but still failed to proffer a reasonable defense. Albear argued that S.C.'s preliminary hearing testimony illustrated she was having memory issues and highlighted that the Commonwealth's evidence relied on S.C.'s testimony alone. A defense "based solely upon a challenge to the credibility of a victim's testimony" is not a reasonable defense. *Williams*, 59 Va. App. at 249. Moreover, Albear's defense to the abduction charge—that he did not intend to deprive S.C. of her personal liberty—merely contradicted the Commonwealth's proffer that he did. Mere contradiction of the Commonwealth's evidence does not establish a reasonable defense. *See Ramsey v. Commonwealth*, 65 Va. App. 593, 602 (2015) (rejecting a "mere[] . . . proffer of testimony that would contradict the testimony of the Commonwealth's witness"); *Thomason v. Commonwealth*, 69 Va. App. 89, 96 (2018) (holding that "a mere conflict of testimony" is "insufficient"). Thus, the circuit court did not err when it found that Albear had failed to provide proof of a reasonable defense to the charge and denied Albear's second motion to withdraw his *Alford* plea.[6]

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[6] We do not address the other elements of the *Holland/Deluca* test because addressing them is unnecessary to resolve Albear's appeal and we strive to resolve cases on the "best and narrowest grounds available." *Delp v. Commonwealth*, 72 Va. App. 227, 235 n.4 (2020) (quoting *Swann*, 290 Va. at 196).